May it please the Court, Counsel. My name is Alan Brabender and I represent the United States Environmental Protection Agency. I would like to reserve three minutes for rebuttal today. The United States asked this Court to vacate an award of attorney's fees given to Sierra Club's lead counsel in this case, Mr. Reid Zars of Laramie, Wyoming. When awarding Mr. Zars of Wyoming the $450 per hour hourly rate of a San Francisco practitioner, the district court erroneously concluded that it had no discretion to calculate Zars' fees using the significantly lower hourly rate of his Wyoming home market. Counsel, what evidence did you put in as to what the rate should be? Well, we cited two cases to the district court. It wasn't the judge's question. Evidence. Well, we believe the case is what were evidence, Your Honor. That's generally how rates – that's one way at least how rates are established in attorney's fees cases is by citing other cases where the rate had been found by a district court. Wasn't it incumbent upon you, if it was your position that the prevailing hourly rate in Cheyenne or Laramie, Wyoming, if there's a difference between those two fine cities, wasn't it incumbent upon you to put that evidence in? And we did put that evidence in. We cited two cases. You cited to a case involving fees that were approved in where, Laramie? I believe one case was Cheyenne and the other case did not indicate what city, but generally the Wyoming. Wyoming, not specific. Wyoming in general, correct. Isn't the standard practice to either take the deposition of a lawyer familiar with the hourly rates or provide an affidavit or declaration that says I'm familiar with the prevailing hourly rates in Laramie, Cheyenne, Wyoming in general, and here's what they are? Oh, that's one way to do it, yes. Another acceptable way is to cite cases in which courts have found the hourly rate in that jurisdiction. But, counsel, cases are different. Some are more complicated, some less complicated. Counsel are more skilled, less skilled. All of that needs to come in as evidence if you want to make a case for yourself. I'm not even suggesting that maybe that's right in this case. We're really litigation in the San Francisco standard. I'm sorry, Your Honor. I'm not sure what your question was. Could you please repeat your question? He's asking whether isn't that the standard way of proving what the hourly rate is. All right. Your cases are different. The cases are different. And, well, what we're really asking for here is a rule of law or an exception to a rule of law. And we think we do have a burden to show the applicability of the exception. But we think that's a minimal burden. And we believe we've met that minimal burden here. But the burden in an attorney's fees case is always on the fee applicant. The fee applicant always bears the burden to prove the reasonable rate. So if Wyoming's Patel applied the forum rule? That's correct. Isn't that the rule of this circuit? That is the rule of this circuit. But two exceptions to the forum rule exist that serve to promote the two fundamental goals of fee-shifting statutes as those goals were expressed by Congress and recognized by the Supreme Court. And those goals are securing access to counsel and avoiding windfalls. So based on these goals, courts have recognized two exceptions. One exception to the forum rule is where higher hourly rates are awarded in order to secure access to counsel. And I believe every court, including this Court in the Gates decision, has recognized that access to counsel exception. The other exception applies to serve the other fundamental. That's not an issue here, is it? No. So what's the other exception? The other exception. It's by the Ninth Circuit. Well, there is no exception. But that's what we're asking this Court to do, is to recognize the windfall exception. And the windfall exception, as first articulated by the D.C. Circuit and later recognized by the Federal Circuit, applies where the bulk of the work on a case is done outside of the forum, and there's a very significant difference in compensation favoring the forum. That's Davis County, right? That's the Davis County rule. That's right. Have we ever adopted that? No. But that's what we're asking this Court to do, is to adopt that exception and to remand back to the district court so the district court can apply that exception in the first instance. And now, don't get me wrong, we believe the forum rule is a good rule that should continue to apply in the vast majority of circumstances. And it's a good rule that usually manages to allow parties to secure counsel and avoid windfalls. But there's nothing inherent in such a rule that guarantees the two fundamental goals of Congress will be met. And so in order to promote those interests, these two exceptions should be recognized by the Court. Well, going from the special task force to the point of the Third Circuit, the way it all is, and eventually decided that the forum rule made a lot of sense. And we believe the forum rule does make sense, and we believe it should be applied in the vast majority of circumstances. We only ask for these two very narrow exceptions to be recognized in order to promote the fundamental goals of the fee-shifting statutes, as those goals were expressed by Congress and have been recognized by the Supreme Court. Counsel, do you still think that if you're asking for an exception to the forum rule, that the burden is on the other side to establish the other than the forum rule rate? No. We believe we do have at least some minimal burden to show that the exception is applicable. And we believe we met that burden here. Although the district court really ---- Any evidence of what an environmental attorney, even an environmental attorney, would think? Well, we believe it would be ---- we cited, again, two cases that show Wyoming attorneys very experienced ---- Neither of which were environmental cases. No. Well, actually, you're saying yes. Well, neither case was an environmental case. But the attorneys involved in those cases were very experienced attorneys, just as Mr. Zars is an experienced attorney here. And we believe that that minimal burden that we bear is to show that there is a significant difference in compensation between San Francisco and Wyoming. And we believe we showed that here. The burden then should shift to the Sierra Club to show that the $450 per hour rate that they request is reasonable in the Wyoming market. But, really, all we're asking the Court to do in this case is to recognize a very simple exception, and then remand it to the district court, the windfall exception to the forward rule, to recognize it, and then remand to the district court so the district court can apply the ---- I don't know what's a windfall if we don't know what an environmental attorney in our domain would think. That's what the district court should be doing on remand. We believe we've met our minimum burden, so the exception applies in this case. And I understand your argument. You've got a fair amount of time for rebuttal. You want us to embrace Davis County? That's right. Right? That's correct. Okay. Thank you. Thank you, Your Honor. We've got plenty of time for rebuttal. Counsel? May it please the Court. My name is George Hayes, and I am representing Plaintiff Sierra Club in this case. Let me address the Court's question first about evidence. My understanding from having been involved in fee petition actions previously is that what has been presented in another case is not evidence of what the relevant rate is. Rather, the plaintiff is actually obligated, as we did in this case, to actually present evidence of what the rate is, and we met that burden in this case. And the Department of Justice did not. As the Court pointed out, they used a case which involved a different statute in actually a different city, Cheyenne, rather than Laramie. So they have presented no evidence of what they believe the reasonable rate should  be. This is a dispute over less than $22,000, and the Department of Justice has spent a good share of that amount to have this Court make new law. And the first point that I would like to make with respect to that is that adopting Davis County would actually discourage settlements of fee disputes. One of the things that the Supreme Court said in 1983 when it handed down Hensley v. Eckerdhart was that it hoped that litigants would actually be able to resolve fee disputes. And adopting the Davis County rule as the law in this circuit would actually discourage that because it would actually create a new set of issues over which litigants could contend. First of all, whether there is a disparity between the rate in one jurisdiction over another. And second, whether the counsel has actually spent a significant amount of time in the jurisdiction, creating new issues for the litigants to fight about. Scalia. It's not really the issue here, is it? Wasn't the great bulk of the time spent by successful counsel in Wyoming? In this particular case, that's correct. But as the Department has said, what they're trying to do is get this Court to adopt a new rule for this circuit. And therefore, it's appropriate to look not only at the facts in this case, but the facts in the case itself. And that's what we're trying to do. And Mr. Zars and I have actually been involved in cases very similar to this one, where he actually was here in the jurisdiction and there were expert testimony involved and a hearing involved that involved a summary judgment argument before Judge Wilkin. And so it depends. I assume both of you keep track on computer of your hours. Absolutely, Your Honor. And where the work was completed. That's correct, Your Honor. But in the ordinary case where the Court had evidence on both sides without conceding whether that's the case here or not, a district court, if the circuit adopted Davis County, could look at the records and pretty quickly determine how much time was spent in Wyoming, how much time in transit, how much time in San Francisco, that sort of thing, correct? That's correct, Your Honor. But the point is, where do you draw the line between at what point would the decision be made, okay, a significant amount of time is actually spent in the forum, therefore we're going to apply the forum rate versus the home rate. And because that is going to be a dispute in every type of case like this, it's going to actually discourage the efficient resolution of fee disputes, which is actually what the point of the forum rule is. There's no doubt that the forum rule is a blunt instrument, but it facilitates the resolution of these disputes. And also, you know, the government's argument is that, but it also does, that it allows lawyers from Casper or Laramie or Santa Fe or Junction City or Fargo to claim, any time they sue this region of the EPA, to claim San Francisco rates. Well, first of all, Your Honor, the argument of the department that there was some forum shopping going on here is false. Well, I'm not, I don't think we're concerned about that. I mean, the essence of Davis County is, is it fair to allow a lawyer practicing in a community, this is obviously a hypothetical question, practicing in a community where the prevailing rate is, say, 250 an hour, to claim the rate of the forum where no work was done, which might be a time and a half or three times larger. Is that consistent with the congressional authorization for the recovery of attorneys' fees by successful plaintiffs in cases like this? I believe it is. The department's actually been making this windfall argument in one form or another for over 25 years. In fact, they made this similar argument in Blum v. Stenson, where in that case you had the prevailing party being represented by, I think, a legal aid office or a legal services office, and the solicitor general wrote an amicus brief arguing that they shouldn't be allowed to get market rates in New York because they didn't have the same level of overhead that a for-profit law firm would have. And the Supreme Court was quite clear when it ruled on that case that all lawyers in a particular jurisdiction are to be treated the same. And again, the reason for that is to facilitate the efficient resolution of these fee disputes. You know, the same type of argument could be made if Mr. Zars comes here and he stays in my guest room rather than at the Clift, should he be entitled to get San Francisco rates, or if you have a law firm which has an office at 16th and Mission rather than downtown, should they be entitled to get the same rates? I mean, you can split this hair over and over again, and that's exactly what the Third Circuit was trying to prevent when it recommended it back in 1985 and looked at exactly this issue, that the forum rate should be the rate that applies. And that leads me to the Gates exception. The Gates exception. Breyer. Let me ask you another way. What's wrong with the D.C.'s rule in Davis County? What's wrong with that? The main problem with the that rule is that it would encourage more fighting over how to figure out what a reasonable attorney's fee is. So it would be a reasonable decision. So here we're talking about what a reasonable decision would be with regard to attorney's  That's true, Your Honor. But, you know, the forum, as I mentioned, there's no doubt that the forum rule is not finely tuned to deal with every single fact pattern in every single case. What it's designed to do is sort of decrease the burden on already overburdened courts by not, you know, adding a new trial for fees on top of, you know, the resolution of the substance itself. So it allows a lawyer in your situation to tell the EPA, you need to settle, otherwise you're going to be whacked with fees that San Francisco rates, right? Actually, Your Honor, one of the things, if you look at the Third Circuit's study, which is published in the Federalist Decisions, is that it says that it is absolutely inappropriate for us to be discussing the level of fees at all in order to resolve the substance of a matter. And they talk about the Pandini problem, if you take a look at that. So we actually write into our retainer agreements that we are prohibited from raising the question of fees at all until the substance of matter is resolved. Okay. I think we understand your argument. Thanks for coming in today. Mr. Rubato. Counsel. Well, very briefly, Your Honor, I just want to rebut this notion that recognizing this rule will discourage settlement. What results in fee litigation is unreasonable fee requests. We get a number of fee requests at the government, and for the most part we pay them or we settle them. It's only when the fee request is excessive that we litigate it. And I think this case was a perfect example of a fee request that we believed was excessive. And it was excessive not only to the hourly rate claimed by Mr. Zahars, but as to the hours expended. Now, we challenged the hours expended in the district court, and we lost, and we do not raise that issue here on appeal. But we ---- Well, that's just the possible situation of an underpaid, laramie attorney coming in to argue and compete with an attorney in the San Francisco area that's being paid $450,000. So isn't that a problem? We believe it is a problem. And we ask this Court to, in order to address that problem, to recognize the very easy to apply. It only applies in the circumstance where the bulk of the work is done outside of the forum, and there's a very significant difference in compensation favoring the forum. Why does it make sense to determine where the work was done? Well, in a situation, again, when the bulk of the work is done outside of the forum, and there's a very significant difference, it matters because the overhead and the costs of practicing are just not comparable. And therefore, the attorney would be receiving a windfall, in our opinion, by allowing that attorney to receive forum rates. Let's suppose that a very successful plaintiff's environmental lawyer takes on one of these cases, and because she's successful, she has a home in Tucson, Arizona. And because of electronic computer hookups, she can do the bulk of her work there, including written negotiations and otherwise, about the case. And it turns out, in this case, that 95% of her work was done not in San Francisco, where her office is, where she's admitted to practice, but in her second home in the high Sonoran Desert of Tucson, Arizona. And let's assume this is a district where Davis County applies. Are you telling me that she can only claim the rates based in Tucson? We may argue that the Tucson rates apply, but then she would have, of course, the opportunity to show that she should be paid higher because of her expertise. She should be paid higher than the average Tucson attorney. And as long as she introduced evidence to that effect, and that's what we're trying to do, we're not going to argue that she should be paid higher than the average Tucson attorney. Okay? Okay, thank you, Your Honor. Thank you both. Very interesting issue. Thanks for coming in to argue with me. The case just concludes. We'll be in a minute for a decision.
judges: Hug, Fletcher B. , Hawkins